UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DYLAN BOWDEN,

    Plaintiff,

v.

    Case Number:

WVC SERVICES, LLC
d/b/a DESIGNSCAPES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff was employed by Defendant, a for profit corporation, and brings this action for unpaid wages, liquidated damages, attorney fees/costs and other relief under the FLSA ("FLSA").

2. Plaintiff was employed by Defendant as a non-exempt, hourly worker performing work as a landscaper in Defendant's Orlando, Florida facility.

3. Defendant is a domestic, for-profit corporation that operates and conducts business in, among others, Orange County, Florida, and is therefore, within the jurisdiction of the Court.

4. Defendant owns and operates a landscaping company in Orange County, Florida.

5. Defendant is headquartered in Orlando, Florida.

6. Defendant maintains a location at: 504 North john young Parkway, Orlando Florida 32805. Plaintiff worked for Defendant as a landscaper in Defendant's Orlando, Florida location.

7. Defendant is an EMPLOYER as defined by the FLSA and Defendant conducts interstate commerce, using telephones, highways, byways, and products and supplies (that are used in connection with services provided to Defendant's clients) that do not originate from Florida.

8. Plaintiff's duties involved interstate commerce, including but not limited to travelling along interstate highways and byways to services Defendant's clients.

9. This action is brought under the FLSA to recover from Defendant, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

10. The Court has jurisdiction over Plaintiff's claims as all material events occurred in Orange County as a primary place, including those brought pursuant to the FLSA.

11. At all material times relevant to this action, Defendant was an employer covered by the FLSA.

12. In fact, Defendant is a landscape company that, upon information and belief, has grossed over $500,000.00 in revenue in the thirty-six months prior to the institution of this complaint.

13. At all material times relevant to this action, Plaintiff, in his capacity as a landscaper, was individually covered by the FLSA.

14. Plaintiff routinely dealt with the instrumentalities of commerce, including but not limited physically installing sod, plants, and trees that originated out of state.

15. Plaintiff also traveled along interstate highways, byways, and roads during the course and scope of his employment with Defendant.

16. Plaintiff did not exercise any substantial discretion in the exercise of his job duties during his employment with Defendant.

17. Plaintiff did not supervise more than two full-time employees.

18. Plaintiff did not have hire or fire authority.

19. Plaintiff did not direct the work of subservient employees. All significant decisions of this nature were made by Plaintiff's superiors.

20. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment.

21. In fact, Defendant failed to pay Plaintiff for all the hours Plaintiff worked for Defendant during Plaintiff's period of employment.

22. During his employment with Defendant, Plaintiff was not paid for all time he worked during one or more work weeks.

23. During his employment with Defendant, Plaintiff routinely worked more than 40 hours in a single workweek.

24. Plaintiff was entitled to receive premium wages for all hours worked beyond 40 in a single workweek.

25. At all times during his employment, Plaintiff was an "exempt" employee and was entitled to receive overtime wages when he worked more than 40 hours in a single workweek.

26. Defendant failed, refused, and neglected to pay Plaintiff overtime wages for *all* overtime hours worked by Plaintiff. Plaintiff acknowledges that he was paid for *some* of the overtime hours he worked.

27. Defendant engaged in an illegal scheme known as "time shifting" where Defendant would move Plaintiff's overtime hours from one week to the next. Defendant did this in order to avoid paying Plaintiff overtime hours. When the hours were moved from one week to the next, the overtime hours appeared to be regular hours and Plaintiff was denied premium wages to which he is entitled.

28. Defendant failed to pay Plaintiff for all of the hours that Plaintiff worked, and the bulk of these hours are reasonably believed to constitute "overtime" hours at a rate of $30 per hour.

29. Defendant failed, refused and/or neglected to keep accurate time records pursuant to FLSA of Plaintiff's true hours of work.

30. To the extent that relevant documents exist, such are believed to be in the exclusive possession of Defendant and Defendant has not produced any documentation relating to this claim.

31. Plaintiff has been damaged by Defendant's failure to pay overtime wages.

**COUNT I – RECOVERY OF UNPAID OVERTIME WAGES**

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31, above, including paragraphs 5 through 31, in particular.

33. Plaintiff is entitled to be paid a premium wage of one-and-one-half times his regular rate for all hours worked beyond 40 in a single workweek.

34. During his employment with Defendant, Plaintiff regularly worked more than 40 hours in a single workweek.

35. Plaintiff was not paid a premium wage of one-and-one-half times his regular rate for all hours worked beyond 40 in a single workweek.

36. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

37. As a result of Defendant's willful violation of the FLSA Plaintiff is entitled to payment of the unpaid premium wages and liquidated damages under the FLSA.

38. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages as well as attorney fees and costs and such other further relief as this Court deems just and proper.

Respectfully submitted this 10th day of June, 2022.

**/s/Kyle J. Lee**
Kyle J. Lee, Esq.
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
FLBN: 105321
(813) 343-2813
kyle@kyleleelaw.com