UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

DYLAN BOWDEN,

    Plaintiff,

v.                                       CASE NO. 6:22-cv-01029-WWB-LHP

WVC SERVICES, LLC
d/b/a DESIGNSCAPES,

    Defendant.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS ACTION WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff DYLAN BOWDEN and Defendant WVC SERVICES, LLC d/b/a DESIGNSCAPES (collectively the "Parties"), by and through their respective undersigned counsel, hereby jointly move this Court to approve their settlement and dismiss this action with prejudice. The Parties' executed Settlement Agreement is attached hereto as Exhibit "A." The Parties have not entered into any other agreement which is in any way related to this action or their settlement.

**I.    Background**

Defendant provides professional commercial landscaping services, including landscape design, irrigation, lighting and landscape maintenance. Plaintiff was previously employed with Defendant, but the tenure was relatively brief – a 15-week period from January of 2022 through the end of April of 2022. Plaintiff was a non-exempt hourly employee.

Plaintiff filed this action on June 10, 2022 – a one count complaint seeking alleged unpaid overtime compensation, liquidated damages, and attorney's fees and costs. In its answer [ECF No. 11], Defendant admitted it previously employed Plaintiff but denied that Plaintiff was entitled to any relief.

Plaintiff's claimed damages are relatively low. In his complaint, Plaintiff acknowledged that Defendant in fact paid him overtime, but Plaintiff alleged that he was not paid for all overtime hours. See complaint at ¶ 26. Plaintiff did not quantify his claimed damages in his complaint, and the Parties reached a settlement prior to Plaintiff answering the Court's interrogatories pursuant to the FLSA Scheduling Order [ECF No. 10], but Plaintiff represents that his claim is for approximately $900.00 in unpaid overtime compensation, along with an additional $900.00 for liquidated damages, for a total of $1,800.00.[1]

## II. **Applicable Legal Principles**

Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of

---

[1] Plaintiff acknowledges that Defendant paid him some overtime compensation, but Plaintiff claims Defendant failed to pay him for approximately two (2) overtime hours per week for each of the 15 weeks of Plaintiff's employment with Defendant. The Parties agree that Plaintiff's overtime rate was $30.00 per hour. Accordingly, Plaintiff's claim is for two (2) overtime hours per week x $30.00 per hour overtime rate x 15 weeks = $900.00.

the U.S. Department of Labor). In Lynn's Food Stores, the Eleventh Circuit observed that when an employee initiates a private cause of action, there is "some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute." Id. at 1354.

Accordingly, the Eleventh Circuit reasoned that when the parties are represented by counsel it is likely there is a reasonable compromise and the settlement should be approved:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.; see also Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009) ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. Rarely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'") (footnote omitted).

"When evaluating whether a compromise is fair and reasonable, courts have looked to the following factors: (1) whether there was fraud or collusion behind the settlement; (2) the complexity and duration of the case; (3) the stage of the proceedings; (4) the probability of Plaintiff's success; (5) the range of recovery, and

3

(6) counsel's opinion." Seda v. All Florida Appliance & AC, Inc., 8:15-CV-311-T-36MAP, 2015 WL 3652833, at *2 (M.D. Fla. June 11, 2015) (citing Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

### III.  The Parties' Settlement is Fair and Reasonable and Should be Approved

Consistent with the Court's FLSA Scheduling Order, the Parties, through their respective counsel, exchanged information and engaged in settlement negotiations. The Parties reached agreement on the settlement amounts Defendant would pay to Plaintiff, as well as the amount Defendant would pay for Plaintiff's attorney's fees and costs. The Parties negotiated the amount that Defendant will pay Plaintiff for attorney's fees and costs separately from, and without regard to, the amounts Defendant will pay Plaintiff for alleged unpaid wages and liquidated damages.

As reflected by the Parties' Settlement Agreement, Plaintiff is receiving $500.00 as payment for alleged unpaid overtime compensation and an additional $500.00 as payment for alleged liquidated damages. Defendant is paying $4,500.00 for Plaintiff's attorney's fees and cots. Defendant is also paying $500.00 to Plaintiff as separate consideration for non-monetary provisions of a general release and a no rehire provision. As additional consideration for those non-monetary provisions, Defendant has agreed to provide Plaintiff a neutral employment reference and a general release in favor of Plaintiff, and Plaintiff represents he is

4

not aware of any potential claims against Defendant other than the claims he has asserted in this action. The Settlement Agreement does not contain a confidentiality provision, nor does it contain a non-disparagement provision (although it does contain the aforementioned neutral reference in favor of Plaintiff).

Courts within this District have approved FLSA settlements where the parties have agreed to a general release and no rehire provision in exchange for separate consideration (which can be monetary consideration or non-monetary consideration, such as a neutral employment reference or mutual release, or, as in this case, both). See, e.g., Long v. Ravago Americas, LLC, 6:21-CV-1649-CEM-EJK, 2022 WL 2919057, at *4 (M.D. Fla. July 12, 2022), report and recommendation adopted sub nom., Long v. Ravago Americas, LLC, 2022 WL 2916814 (M.D. Fla. July 25, 2022); Buntin v. Square Foot Management, Co. LLC., 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, * 2–3, (M.D. Fla. May 27, 2015); Deslandes v. BAM-B Enterprises of Cent. Fla., Inc., No. 6:17-cv-1393-Orl-41TBS, 2018 WL 3352937, at *3 (M.D. Fla. June 28, 2018), report and recommendation adopted, 2018 WL 3344380 (M.D. Fla. July 9, 2018); Cooley v. Real Prop. Specialists, Inc., No. 6:18-cv-752-Orl-41GJK, 2018 WL 5847423, at *4 (M.D. Fla. Oct. 4, 2018), report and recommendation adopted, 2018 WL 5840508 (M.D. Fla. Nov. 8, 2018); Vela v. Sunnygrove Landscape & Irrigation Maint., LLC, 2:18-cv-165-FtM-38MRM, 2018 WL 8576382, at *3 (M.D.

Fla. Oct. 4, 2018), report and recommendation adopted, 2018 WL 8576384 (M.D. Fla. Nov. 7, 2018); Herrera v. R & L Carriers, Inc., 2:16-cv-795-FtM-99MRM, 2017 WL 3926854, at *3 (M.D. Fla. Aug. 31, 2017), report and recommendation adopted, 2017 WL 3896381 (M.D. Fla. Sept. 6, 2017); Barnes v. Lane Valente Indus., Inc., No. 2:16-CV-174-FTM-99CM, 2016 WL 6122464, at *3 (M.D. Fla. Oct. 13, 2016), report and recommendation adopted, 2016 WL 6083777 (M.D. Fla. Oct. 18, 2016); Scheall v. Nicaea Acad., Inc., 2:14-cv-653-FtM-29MRM, 2016 WL 8710243, at *2 (M.D. Fla. Mar. 25, 2016), report and recommendation adopted, 2016 WL 11581294 (M.D. Fla. Apr. 6, 2016); Caballero v. Lantern Motors, Inc., 2:14-cv-641-FtM-38MRM, 2015 WL 13792161, at *2 (M.D. Fla. Dec. 11, 2015), report and recommendation adopted, 2015 WL 13792160 (M.D. Fla. Dec. 16, 2015); Sommer v. Augie My Boy, LLC, 2:14-CV-77-FTM-29CM, 2015 WL 268991, at *2 (M.D. Fla. Jan. 21, 2015).[2]

This matter involves a bona fide dispute regarding whether and to what extent Plaintiff is entitled to any damages. Plaintiff, through and with the advice

---

[2] As set forth in paragraph 6 of the Parties' Settlement Agreement, Plaintiff is not aware of any potential claims against Defendant (other than the claims asserted in Plaintiff's complaint). This representation further supports approval of the Parties' Settlement Agreement notwithstanding the inclusion of a general release provision. See Long v. Ravago Americas, LLC, 6:21-CV-1649-CEM-EJK, 2022 WL 2919057, at *4 (M.D. Fla. July 12, 2022) (recommending approval of FLSA settlement agreement containing general release where the plaintiff's representation of no additional claims supported conclusion that the general release did not "undermine the public policies embodied in the FLSA and other labor and employment laws"), report and recommendation adopted sub nom., Long v. Ravago Americas, LLC, 2022 WL 2916814 (M.D. Fla. July 25, 2022).

of his counsel, negotiated settlement terms that are satisfactory to the Parties. As noted, Plaintiff's claimed damages are relatively low, and Plaintiff's total $1,500.00 monetary recovery from the settlement represents 83.3% of Plaintiff's maximum possible recovery of $1,800.00 should the case be tried. In agreeing to settle, Plaintiff has considered the certainty of a recovery now as opposed to waiting an extended period of time for a trial which could very well result in defeat. In that regard, Plaintiff has also considered the relevant records which confirm Plaintiff's acknowledgement that he was paid overtime during his employment with Defendant – a fact which, based on counsel's experience, can be a challenging hurdle for an FLSA plaintiff to overcome before a jury, especially where, like here, credibility is a central issue.

For its part, Defendant vigorously denies Plaintiff's material allegations but nevertheless has agreed to a settlement, mindful of the inherent risks of litigation in general and of course the intrinsic attorney's fees dynamic of FLSA litigation in particular – namely, that by continuing to defend it would incur its own attorney's fees in an amount *substantially* higher than Plaintiff's maximum damages recovery, with no possibility of recovering those fees even if it prevails.

The Parties' respective counsel are well-experienced in wage and hour litigation, and they view the agreed-upon settlement terms as a fair and reasonable outcome for their respective clients. There has been no fraud or collusion in the

settlement of this case, and settlement will prevent expensive, protracted and uncertain litigation. Moreover, the amount for attorney's fees and costs that Defendant will pay to Plaintiff is reasonable and was agreed upon without regard to the amounts paid to Plaintiff. Ultimately, after assessing their respective positions and consulting with their counsel, the Parties decided that it is in their respective best interests to resolve this matter through settlement rather than proceed through protracted and costly litigation.

The Parties' Settlement Agreement clearly reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Lynn's Food Stores, 679 F.2d at 1354. The Parties respectfully submit that their Settlement Agreement should be approved.

### IV. Conclusion

In light of the contested issues presented in this case and the protracted, expensive and uncertain litigation that would otherwise lie ahead, the Parties' Settlement Agreement represents a fair and equitable resolution of this matter. Accordingly, the Parties respectfully request that the Court enter an order: (a) approving their Settlement Agreement; (b) dismissing this action with prejudice; and (c) granting such further relief as the Court deems just and proper.

Dated: September 22, 2022                    Respectfully submitted,

*s/ Kyle J. Lee*                                          *s/ Adam S. Chotiner*[3]
Kyle J. Lee, Esq.                                     Adam S. Chotiner, Esq.
E-Mail: kyle@kyleelaw.com              E-Mail: achotiner@sbwh.law
Lee Law, PLLC                                       Shapiro, Blasi, Wasserman
1971 W. Lumsden Road                       & Hermann, P.A.
Suite 303                                                 7777 Glades Road, Suite 400
Brandon, FL 33511                              Boca Raton, FL 33434
Tel: (813) 343-2813                              Tel: (561) 477-7800
Fax: (813) 343-2813                             Fax: (561) 477-7752
Trial Counsel for Plaintiff                    Trial Counsel for Defendant

---

[3] Plaintiff's counsel Kyle J. Lee has provided Adam S. Chotiner with express authority to jointly file this motion.

9

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

                                          *s/ Adam S. Chotiner*
                                          ADAM S. CHOTINER, ESQ.

**SERVICE LIST**

*Dylan Bowden v. WVC Services, LLC*
Case No. 6:22-cv-01029-WWB-LHP
United States District Court, Middle District of Florida

| | |
|---|---|
| Kyle J. Lee, Esq.<br>E-Mail: kyle@kyleleelaw.com<br>Lee Law, PLLC<br>1971 W. Lumsden Road<br>Suite 303<br>Brandon, FL 33511<br>Tel: (813) 343-2813<br>Fax: (813) 343-2813<br>Trial Counsel for Plaintiff | Adam S. Chotiner, Esq.<br>E-Mail: achotiner@sbwh.law<br>Shapiro, Blasi, Wasserman<br>& Hermann, P.A.<br>7777 Glades Road, Suite 400<br>Boca Raton, FL 33434<br>Tel: (561) 477-7800<br>Fax: (561) 477-7752<br>Trial Counsel for Defendant |